UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN PHILIP CRAFT,<br><br>                Petitioner,<br><br>   v.<br><br>ANDREW SAUL,<br>Acting Commissioner of Social Security Administration,<br><br>                Respondent. | Case No. 4:19-cv-00078-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Petitioner's Motion for Entry of Default (Dkt. 9) and Respondent's Motion to Dismiss (Dkt. 11).[1] Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 15.)

**MEMORANDUM DECISION AND ORDER - 1**

will be decided without oral argument. Dist. Idaho L. Rule 7.1(d).

For the following reasons, the Court will deny both motions and require the Petitioner to serve the United States Attorney, in accordance with Rule 4, by January 15, 2020.

## BACKGROUND

Petitioner, Sean Craft, filed a petition for review on March 5, 2019, appealing the Commissioner's adverse ruling at the administrative level of his claim for Social Security disability benefits.[2] (Dkt. 1.) Service of summons was made to the Office of the Regional Chief Counsel of the Social Security Administration on May 6, 2019, and the summons was returned executed on July 8, 2019. (Dkt. 7.) Service of summons was also allegedly made to the United States Attorney on May 7, 2019, and returned executed on July 8, 2019. (Dkt. 8.).

On October 4, 2019, Petitioner filed a motion for entry of default under Federal Rules of Civil Procedure 55(a) and (d), alleging Respondent failed to appear or answer within the allotted ninety-day time period. (Dkt. 9.) Respondent filed an opposition to the motion for entry of default and a motion to dismiss on October 7, 2019. (Dkt. 11, 12.) Pursuant to Federal Rules of Civil Procedure 4(m) and (i), Respondent claims that Petitioner did not properly serve the United States Attorney within ninety days, and therefore, Respondent's time to respond never began and Respondent cannot be in

---

[2] Petitioner is represented by counsel, Todd Pingel.

**MEMORANDUM DECISION AND ORDER - 2**

default. *Id.* To date, Petitioner has not responded to the motion to dismiss.

## DISCUSSION

The Federal Rules of Civil Procedure authorize the Court to enter default judgment against any party that fails to answer or otherwise defend within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 55(b)(2); 12(a).

Rule 4(i) governs service on the United States and requires that the summons and complaint must be served as follows: (1) by delivering a copy to the United States attorney for the district where the action is brought – or its designee – or by sending the same by registered or certified mail to the civil-process clerk at the United States attorney's office; (2) sending a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail at Washington, D.C.; or (3) sending a copy to the agency or officer whose order has been challenged. *See* Fed. R. Civ. P. 4(i)(1)(A),(B),(C).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." The rule further provides that the court must extend the time for service "if the plaintiff shows good cause for the failure" to accomplish service as required. Fed. R. Civ. P. 4(m). The Advisory Committee Notes from the 1993 Amendment of Rule 4 state that one of the purposes for the addition of subsection (m) is to be sure that "[a] party failing to effect service on all the offices of the United States as required by the rule is assured adequate

**MEMORANDUM DECISION AND ORDER - 3**

time to cure defects in service."

Here, Petitioner was required, *inter alia*, to deliver a copy of the summons and the complaint to the United States Attorney and the Social Security Administration. Service was made to the agency but was not made to the United States Attorney or Attorney General of the United States. Petitioner's Return of Service (Dkt. 8) appears to show that the United States Attorney was served on May 7, 2019, although the Respondent represents, in the Declaration of Joanne Patricia Rodriguez, that "[n]either [Joanne Rodriguez], nor [her] office, was ever served with the Petition or Summons in this case." (Dkt. 11-2.) Respondent further represents that the person whose name appears on the Return of Service (Dkt. 8) does not work for the United States Attorney's office, but may instead be the Chief Deputy for the Idaho Attorney General. (Dkt. 11-2.) To date, Petitioner has not filed a response and has not denied the error in service.

The Court finds good cause exists to extend the time for Petitioner to cure the error in service. The mistake in service is ministerial and no prejudice will result by allowing Petitioner time to accomplish service. The Court will therefore extend the time for service and direct Petitioner's counsel to serve the United States Attorney, as required by Fed. R. Civ. P. 4(i), on or before January 15, 2020. If Petitioner does not execute service by the above date, the Petition for Review will be dismissed without prejudice and without further notice.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Petitioner's Motion for Entry of Default (Dkt. 9) is **DENIED.**

2) Respondent's Motion to Dismiss (Dkt. 11) is **DENIED**. Petitioner has until **January 15, 2020** to properly serve the United States Attorney. Failure to do so may result in dismissal without prejudice.

DATED: December 27, 2019

Honorable Candy W. Dale
United States Magistrate Judge