UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN PHILIP CRAFT,<br><br>                  Petitioner,<br><br>v.<br><br>ANDREW SAUL,<br>Acting Commissioner of Social Security Administration,<br><br>                  Respondent. | Case No. 4:19-cv-00078-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is the Respondent's notice of non-compliance regarding whether Respondent has been properly served as required under Federal Rule of Civil Procedure 4 and as ordered by this Court. (Dkt. 16.)[1] Petitioner's counsel maintains service has been completed in accordance with Rule 4. (Dkt. 19.) The Court finds the record is suitable for submission of this issue without oral argument. For the reasons that follows, the Court concludes Petitioner's counsel has not yet properly served the Respondent as required by Rule 4 and that Petitioner will be afforded a limited amount of additional time to complete service.

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 15.)

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner, Sean Craft, filed a petition for review on March 5, 2019, appealing the Commissioner's adverse ruling at the administrative level of his claim for Social Security disability benefits. (Dkt. 1.)[2] A summons was issued on March 11, 2019 addressed to:

> Office of the Regional Cheif [sic] Counsel, Region X,
> Social Security Administration
> 701 Fifth Avenue
> Suite 2900 M/S 221A
> Seattle, WA 98104-7075

(Dkt. 4.) On July 8, 2019, Petitioner's counsel filed 1) an affidavit of service stating the Office of the Regional Chief Counsel of the Social Security Administration was served with the summons and complaint in this action by personal delivery on May 6, 2019 (Dkt. 7) and 2) a return of service stating that on May 7, 2019, a process server left a copy of the summons and complaint with an individual, Sherman Furey, III, Chief Deputy, at 800 East Park Boulevard, Suite 600, Boise, Idaho 83712 (Dkt. 8).

On October 4, 2019, Petitioner filed a motion for entry of default under Federal Rules of Civil Procedure 55(a) and (d), alleging Respondent failed to appear or answer within the allotted ninety-day time period. (Dkt. 9.) Respondent filed an opposition to the motion for entry of default and a motion to dismiss on October 7, 2019, arguing Petitioner did not properly serve the United States Attorney as required under Federal Rules of Civil Procedure 4(m) and (i). (Dkt. 11, 12.) Petitioner did not responded to the motion to dismiss.

---

[2] Petitioner has been granted In Forma Pauperis status (Dkt. 6) and is represented by counsel, Todd Pingel.

**MEMORANDUM DECISION AND ORDER - 2**

On December 27, 2019, the Court issued an Order concluding Petitioner had served the agency but not the United States Attorney or Attorney General of the United States as required under Federal Rule of Civil Procedure 4(i). (Dkt. 16.) The Court extended the time for Petitioner to complete proper service to January 15, 2020, pursuant to Rule 4(m). The Court cautioned that, if "Petitioner does not execute service by [January 15, 2020], the Petition for Review will be dismissed without prejudice and without further notice." (Dkt. 16.)

On January 16, 2020, the Respondent filed a notice of non-compliance stating Petitioner has not properly served the United States as required by Rule 4(i). (Dkt. 17.) On January 17, 2020, Petitioner's counsel filed a document entitled "Summons Returned Executed" maintaining the Respondent has been properly served. (Dkt. 18, 19.)

## DISCUSSION

Proper service of process is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. Fed. R. Civ. P. 4(k). "'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4.'" *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (quoting *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)). To effectuate service of process on the United States and its agencies, Federal Rule of Civil Procedure 4(i) requires a plaintiff to (1) deliver a copy of the summons and complaint to the United States attorney for the district in which the action is brought or send a copy of the same by registered or certified mail to the civil-process clerk at the

United States attorney's office; (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; and (3) send a copy of the summons and complaint by registered or certified mail to the agency named in the suit. Fed. R. Civ. P. 4(i)(1)(A), (i)(1)(B), and (i)(2); *see Anderson v. U.S. Dep't of Agric.*, 604 Fed. Appx. 513, 517 (7th Cir. 2015); *McMasters v. United States*, 260 F.3d 814, 817–18 (7th Cir. 2001).

"'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Crowley*, 734 F.3d at 975 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" *Id.* (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "[N]othing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *McMasters*, 260 F.3d at 817 (citing *Mid–Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301–02 (7th Cir. 1991)).

1. **Service to the United States Attorney**

The return for the May 7, 2019 attempted service on the United States attorney for the District of Idaho was completed by a process server and states that a copy of the summons and complaint was left "with Sherman Furey, III, Chief Deputy at 800 East Park Boulevard, Suite 600, Boise, ID 83712." (Dkt. 8.) The Court found that attempted service

**MEMORANDUM DECISION AND ORDER - 4**

failed to comport with Rule 4(i)'s requirements for serving the United States, because the individual with whom the process server left the documents, Sherman Furey, III, does not work at the United States attorney's office in the District of Idaho. (Dkt. 16.) The Court allowed Petitioners' counsel leave to complete service by January 15, 2020.

Petitioner's counsel maintains the May 7, 2019 service was proper. (Dkt. 19.) Regardless, to comply with the Court's order, Petitioner's counsel mailed a copy of the summons and complaint to the United States attorney's office using United Parcel Service (UPS) on January 14, 2020. (Dkt. 19.) The assistant United States attorney for the District of Idaho acknowledges receiving an envelope containing the summons and complaint in this case from Pingel Law Office on January 14, 2020, but maintains Petitioner still has not properly executed service as required by Rule 4(i). (Dkt. 17-1, Dec. Rodriguez at ¶ 2.)

The envelope received by the assistant United States attorney is addressed to:

> Civil Process Clerk
> US Attny for Dist of Idaho
> Suite 600
> 800 E Park Boulevard
> Washington Group Plaza IV
> Boise, ID 83712

(Dkt. 17-2, Dec. Rodriguez, Ex. A.) The package slip on the envelope has a UPS Ground tracking number. The UPS delivery notification submitted by Petitioner's counsel lists the same address as the envelope and states that "**1** parcel was delivered on **1/14/20** at **12:23 P.M.**. The shipment was received by **NEWTON**, and left at your **CUSTOMER'S FRONT DESK**." (Dkt. 19, Ex. 2) (emphasis in original.)

**MEMORANDUM DECISION AND ORDER - 5**

The Court finds the January 14, 2020 mailing fails to satisfy Rule 4(i)'s requirements for serving the United States attorney. Rule 4(i)(1)(A) requires that the Petitioner either deliver a copy of the summons and complaint to the United States attorney or send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office. Rule 4(i)(1)(A)(i), (ii). Petitioner has done neither here.[3]

As stated in the Court's prior order, the delivery attempted on May 7, 2019 was ineffective because the documents were left with an individual who did not work at the United States attorney's office. (Dkt. 16.) The January 14, 2020 mailing via UPS Ground likewise does not satisfy Rule 4(i), because the limited information on the tracking label does not establish the mailing was properly served on the designated individual, the civil-process clerk, nor is there any way to determine the identity of "NEWTON," the person who received the UPS parcel, or whether that person was the designated recipient.

Further, Rule 4(l)(1) requires proof of service by affidavit. Fed. R. Civ. P. 4(l)(1). Petitioner's counsel relies on the May 7, 2019 return of service to satisfy Rule 4(l)(1). (Dkt. 19.) The Court, however, previously determined the May 7, 2019 return of service was ineffective for service and, therefore, it does not satisfy Rule 4's proof of service requirement. (Dkt. 16.) Likewise, the affidavit of counsel filed with the motion for default could not be used as proof of service, because it too is based on the ineffective attempts at

---

[3] The Court has found no authority, and Petitioner has cited none, to support the position that UPS ground is "registered mail" under Rule 4.

**MEMORANDUM DECISION AND ORDER - 6**

service. (Dkt. 9-1.) There is, therefore, no proper affidavit proving service to the United States attorney as required by Rule 4(l)(1).

The fact that the assistant United States attorney acknowledged receipt of the documents, does not equate to proper service. *Crowley*, 734 F.3d at 975; (Dkt. 17-1, Dec. Rodriguez at ¶ 2.) Petitioner's counsel is required to comply with the directives of Rule 4 and has failed to do so here. *See Mid–Continent Wood Prod*, 936 F.2d at 301–02. For these reasons, the Court finds Petitioner's counsel has not properly served the United States attorney.

**2.    Service to the Attorney General**

The Attorney General of the United States has also not been properly served. Rule 4(i)(1)(B) requires that a copy of the summons and complaint be sent by "registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). Petitioner's counsel has failed to do so here for two reasons.

First, the May 6, 2019 attempted service on the Attorney General was by personal service. The rule, however, does not allow for personal service to the Attorney General. The plain language of the rule requires service by "registered or certified mail." Fed. R. Civ. P. 4(i)(1)(B). Second, the affidavit of the process server who attempted service on the Attorney General states that service was not completed, because the employee upon whom service was attempted refused to accept service. (Dkt. 9-1, Ex. A.) For these reasons, the Court finds the Attorney General has not been properly served.

### 3. Service to the United States Agency

As to the agency, the affidavit of service states the summons and complaint in this case were personally delivered to the United States agency, the Social Security Administration, to the Office of the Regional Chief Counsel, Region X, by a process server on May 6, 2019. (Dkt. 7.) Service on the agency was not expressly challenged by Respondent in the prior filings. (Dkt. 11.) The Court's Order concluded service was made on the agency. (Dkt. 16.) Having reviewed the record more carefully, however, the Court finds Petitioner's counsel has not served the agency as required by Rule 4.

Rule 4(i)(2) states: "To serve a United States agency…a party must serve the United States and also send a copy of the summons and of the complaint *by registered or certified mail* to the agency…." Fed. R. Civ. P. 4(i)(2) (emphasis added). Under the plain language of the rule, service upon the Social Security Administration agency must be by "registered or certified mail," not by personal service. The use of a process server to personally deliver the summons and complaint in this case does not satisfy Rule 4(i)(2). (Dkt. 7.)

### 4. Limited Extension of Time to Complete Service

For the reasons stated above, the Court finds Petitioner's counsel has failed to satisfy Rule 4(i)'s requirements for serving the Respondent; namely, the United States attorney, the Attorney General of the United States, and the United States agency. Fed. R. Civ. P. 4(i)(1)(A), (i)(1)(B), and (i)(2); Rule 4(l)(1). This failure renders the attempted service of the United States improper. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (citing *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) (stating that a plaintiff must

comply with both prongs of 4(i)(1) "for good reason: that's what the rule says")).

Given the errors in the attempts at service discussed above, it does not appear that Petitioner has substantially complied with Rule 4 at this time. *See Crowley*, 734 F.3d at 975. The Court has, therefore, considered whether to dismiss the action or allow additional time to complete service.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." The time for service can be extended for an appropriate period "if the plaintiff shows good cause for the failure" to accomplish service. Fed. R. Civ. P. 4(m). One of the purposes of Rule 4(m) is to ensure "[a] party failing to effect service on all the offices of the United States as required by the rule is assured adequate time to cure defects in service." Fed. R. Civ. P. 4(m), advisory committee's note (1993).

Although Petitioner's counsel was previously afforded additional time to cure the defects in service under Rule 4(m), the Court finds one further limited extension of time is warranted in this case given the severe prejudice that will likely befall the Petitioner if this action is dismissed at this date and the minimal prejudicial impact to the Respondent. *See Crowley*, 734 F.3d at 976 (discussing the two avenues for relief under Rule 4(m)). Petitioner therefore has until February 14, 2020 in which to properly serve Respondent as required Rule 4. Failure to do so may result in dismissal of this action, without prejudice, and without further notice. Fed. R. Civ. P. 4(m).

## ORDER

**THEREFORE IT IS HEREBY ORDERED** that Petitioner has until on or before **February 14, 2020** to complete service on the Respondent in accordance with Rule 4. Failure to do so may result in dismissal of this action, without prejudice, and without further notice.

DATED: February 3, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge